## CIRCUIT COURT OF GLOUCESTER COUNTY

Robert E. Conway

v.

Omega Protein, Inc.

November 30, 2011

Case No. CL 07-315

By Judge Norman A. Thomas

At the close of the final pretrial conference hearing on November 18, 2011, the Court agreed to further consider the following issue, whether Omega Protein, Inc., owed Robert E. Conway a legal duty, under general maritime standards applicable to the commercial fishing industry, to perform a job hazard analysis regarding vessel to vessel ingress and egress? The plaintiff previously sought to base imposition of such a duty upon the defendant through Occupational Safety and Health Act ("OSHA") regulatory standards. However, the plaintiff no longer seeks to do so in this litigation.

During the November 18th hearing, upon inquiry from the Court, counsel for each of the parties acknowledged that the issue whether such a legal duty exists constitutes a question of law. *See generally, Fox v. Custis*, 236 Va. 69, 73-74, 372 S.E.2d 373, 375 (1988). As stated in plaintiff's counsel's November 23, 2011, letter to the Court and upon the imposition of the contested legal duty, the plaintiff seeks to introduce the following testimony at trial:

> Our expert will testify at trial that the standard of care in the maritime industry in a situation such as a commercial fishing operation and under general maritime safety industry standards is that a Job Safety or Job Hazard Analysis must be undertaken to recognize potentially harmful and repetitive activity by the seamen. . . . Our expert will testify to this jury that the failure

to conduct a JHA shows the company's haphazard [sic] and breach in industry standard.

As the Court discussed with counsel, its resolution of this issue does not effect the plaintiff's ability to pursue his claims at trial that the defendant, on the date of his alleged injury, negligently failed to provide him with a ladder to facilitate vessel to vessel ingress and egress and, in addition, that, prior to the date of his injury, the defendant had negligently failed to train him so as to safely perform his duties as a commercial fisherman during vessel to vessel ingress and egress. The Court has considered the pending issue respecting a duty to perform a job hazard analysis as separate and apart from these two other claims.

The Court has reviewed and reflected upon each of the cases presented by counsel, as well as the legal arguments and materials placed into the record both in support of and in opposition to the imposition of such a legal duty. The Court will not seek herein to analyze each of the cases provided by counsel in support of the parties' respective positions. Those cases reach an array of results in their consideration or mention of job hazard analysis. Most were not germane to the issue at hand. For example, in some, the plaintiff sought to impose upon the defendant a duty to perform a job hazard analysis based upon OSHA regulatory standards or the employer's own safety manuals and protocols. In others, although expert testimony discussed and the court's decision rested in part upon a duty to perform a job hazard analysis, it did not appear that the defendant contested the imposition of that duty. Nevertheless, each party did provide to this Court at least one case that appeared to support their position on the specific issue resolved by this letter-opinion. The Court now finds that the defendant owed no such legal duty to the plaintiff.

First, the cited Jones Act cases reveal some judicial reluctance to impose a duty upon a maritime employer to perform a job hazard analysis with respect to commonplace or routine tasks that produce injury to a seaman. The Jones Act is modernly cited as 46 U.S.C. § 30104. The Court generally agrees with the defendant's position that vessel to vessel ingress and egress represents just such an ordinary task. However, the Court's determination of this particular matter is not based on any such factual conclusion.

Instead, the Court finds that the gravamen of the plaintiff's claim regarding a duty to perform a job hazard analysis on vessel to vessel ingress and egress actually relies upon an evaluation of whether the employer properly utilized the safety-related information normally developed from such an analysis. To illustrate, if the duty owed by an employer begins and ends with an obligation to undertake a job hazard analysis, then an employer might perform one with respect to a particular seaman's task, fail to thereafter utilize the results to warn or train its employees with respect to the hazards of the task, and yet successfully argue that it discharged its legal

duty to its employee. Conversely, an employer that does not perform a job hazard analysis of a task that results in a seaman injury might be held liable for that injury based upon the failure to conduct the analysis, even though the employer had fully apprised the seaman of the task's inherent dangers and trained him how to safely accomplish it. The Court cannot endorse such an approach, as it separates the performance of the legal duty from the tort element of injury causation. Proof of causation is necessary to any recovery under a Jones Act negligence claim. *See generally, Hernandez v. Trawler Miss Vertie Mae*, 187 F.3d 432, 436 (4th Cir. 1999).

The employer conduct that might proximately cause a seaman's injury is the failure to warn or train its employee about the risks that are known, or should be known to the employer and associated with a particular task. That legal duty to adequately train a seaman, already at issue in this case, exists without regard to whether the employer undertook a job hazard analysis of the task being performed at the time a seaman receives an injury. A job hazard analysis represents but one method by which a maritime employer might appreciate in advance the danger to a seaman when assigning him to perform a particular task.

As stated by the Court in the case of *Ritchie v. Omega Protein, Inc.*, 2010 Va. Cir. LEXIS 37, Norfolk Circuit Court, Civil Action No. CL08-992 (April 9, 2010) (Judge Everett A. Martin, Jr.):

> Under the Jones Act, the defendant has a duty to provide a reasonably safe place for the plaintiff to work. Under the general maritime law the defendant has the duty to provide a vessel and equipment fit for their intended purpose. The performance of a job hazard analysis does not render the place of work safe or the vessel or equipment fit; the failure to perform the analysis does not render the place of work unsafe or the vessel or equipment unfit.

Therefore, The Court rules that the defendant did not owe a legal duty to the plaintiff under general maritime safety standards applicable to the commercial fishing industry to perform a job hazard analysis regarding vessel to vessel ingress and egress. The plaintiff's expert witness thus may not testify as proffered in counsel's November 23rd letter, quoted above, and at the November 18th final pretrial conference hearing.

This letter-opinion does not decide whether the plaintiff might utilize in rebuttal expert testimony regarding the defendant's failure to perform

a job hazard analysis or to cross-examine a defense witness to that effect. As asserted alternatively in plaintiff's counsel's November 23rd letter, "The failure to undertake a JHA goes `hand in glove' with the failure to train Robert Conway in transit between two vessels." Under appropriate circumstances, plaintiff's counsel may seek leave of Court at trial to utilize such rebuttal testimony or to cross-examine a defense witness on the topic. However, counsel must seek such Court leave outside the presence of the jury.